UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARSH SUPERMARKETS, INC., | ) |
| | ) |
|     Plaintiff/Counterclaim-Defendant, | ) |
| | ) |
| v. | ) Cause No. 1:09-CV-0458-DFH-DML |
| | ) |
| DON E. MARSH | ) |
| | ) |
|     Defendant/Counterclaim-Plaintiff. | ) |
| | ) |
| v. | ) |
| | ) |
| EMPLOYMENT AGREEMENT BY AND | ) |
| BETWEEN DON E. MARSH AND | ) |
| MARSH SUPERMARKETS, INC. | ) |
| DATED AUGUST 3, 1999, AS | ) |
| AMENDED | ) |
| JANUARY 1, 2005 (sic) and | ) |
| DECEMBER 30, 2005 (sic), | ) |
| | ) |
|     Third-Party Defendant. | ) |

## **MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

      Plaintiff Marsh Supermarkets, Inc. ("Marsh Supermarkets") respectfully moves pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to file an amended complaint. A copy of Marsh Supermarkets' First Amended Complaint ("FAC") is attached at Exhibit A. In support of its Motion, Marsh Supermarkets states as follows:

      1.      On March 25, 2009, Marsh Supermarkets filed suit against Don E. Marsh ("Mr. Marsh") in the Hamilton County Superior Court for breach of employment agreement, fraud and deceit, and relief under Section 502(a)(3)(B)(ii) of ERISA.

      2.      After removing the action, Mr. Marsh filed a motion for partial judgment on the pleadings. (Docket No. 22). In its opposition brief, Marsh Supermarkets explained that

1

Mr. Marsh is not entitled to any relief because, among other reasons, Marsh Supermarkets may rescind Mr. Marsh's employment agreement and the company's decision to terminate him without cause.  (Docket No. 25 pp. 5-12).  Marsh Supermarkets noted in its brief that it had alleged fraud in detail in its Complaint, but had not specifically requested rescission as one of the remedies available for Mr. Marsh's fraud and deceit.  *Id*., p. 3 n. 4.  The company also stated that it would seek leave to amend its Complaint, if necessary, in accordance with the Case Management Plan.  *Id*.

    3. Marsh Supermarkets seeks leave to amend its Complaint to add the alternative request for rescission referenced in the company's opposition to Mr. Marsh's motion for partial judgment on the pleadings.  The Company's claim for fraud and deceit was alleged in detail in its Complaint.  The Company does not seek leave to add any additional claims, but only an alternative request for rescission as one of the remedies for Mr. Marsh's fraudulent conduct.

    4. Federal Rule of Civil Procedure 15 governs requests to amend pleadings.  Rule 15(a)(2) provides that a party may seek leave to amend its pleading and that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Eastern Natural Gas Corp. v. Aluminum Co. of America*, 126 F.3d 996, 999-1000 (7th Cir. 1997) (granting leave to amend counterclaim when it was filed a "mere eleven days" before trial and where defendants had at least two months prior notice of counterclaim).  In *Eastern Natural Gas*, the Seventh Circuit reminded that "in the absence of undue delay, undue prejudice to the party opposing the motion, or futility of the amendment, leave should be freely given."  *Id*.; *see also Shotts v. Bombardier, Inc.*, 2006 WL 1663837, *1 (S.D. Ind. June 8, 2006) ("Rule 15(a)'s liberal spirit allows for amendments at virtually any time during the course of litigation.").

2

5. Marsh Supermarkets' prompt, good faith request for leave to amend its complaint should be granted. None of the reasons for denying a request for leave to amend or supplement are present here.

6. First, Marsh Supermarkets is diligently seeking leave to amend. The deadline for filing a motion for leave to amend the pleadings has not expired. *Contra Inglis v. Cigna Group Ins.*, 2007 WL 2711334, *2 (S.D. Ind. Sept. 13, 2007) (denying motion for leave filed after passage of deadlines to amend pleadings and file dispositive motions).

7. Second, Marsh Supermarkets' motion for leave is made in good faith. Marsh Supermarkets seeks to add an alternative request for relief that was not specifically referenced in its original complaint. Marsh Supermarkets put Mr. Marsh on notice of this alternative request for relief when it opposed his motion for partial judgment on the pleadings. The company seeks leave to amend and conform its Complaint to the allegations in its opposition brief. *See Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000) (plaintiff may supplement complaint in brief in opposition to motion for judgment on the pleadings).

8. Third, Marsh Supermarkets has not previously sought leave to amend, so there is no evidence of any "repeated failure to cure deficiencies by amendments previously allowed." *Inglis*, 2007 WL 2711334, at *1.

9. Finally, allowing Marsh Supermarkets leave to amend will not result in any prejudice to Mr. Marsh. Mr. Marsh has served discovery requests since the company filed its opposition brief and has additional time to seek discovery and develop defenses on the alternative request for relief in Marsh Supermarkets' amended complaint. No prejudice will result from allowing Marsh Supermarkets to amend its complaint. *Liu v. T&H Machine, Inc.*,

3

191 F.3d 790, 794 (7th Cir. 1999) (permitting plaintiff to amend complaint fifteen months after filing because defendant was not unduly prejudiced).

WHEREFORE, Plaintiff Marsh Supermarkets, Inc. respectfully requests leave under Federal Rule of Civil Procedure 15(a) to file the amended complaint attached at Exhibit A.

Respectfully submitted,

BAKER & DANIELS LLP


By: /s/ Ryan M. Hurley

David K. Herzog (#8021-49)
Ryan M. Hurley (#24956-49)
Christopher W. Smith (#26596-16)
BAKER & DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000

*Attorneys for Marsh Supermarkets, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following counsel by operation of the Court's electronic filing system.

> Andrew M. McNeil
> W. James Hamilton
> Kellie M. Johnson
> BOSE McKINNEY & EVANS LLP
> 111 Monument Circle, Suite 2700
> Indianapolis, IN 46204
> AMcNeil@boselaw.com
> JHamilton@boselaw.com
> KJohnson@boselaw.com

                                            /s/ Ryan M. Hurley