**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| MARSH SUPERMARKETS, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DON E. MARSH, | ) | |
| | ) | |
| Defendant/Counterclaim-Plaintiff, | ) | CASE NO. 1:09-cv-00458-DFH-DML |
| | ) | |
| v. | ) | |
| | ) | |
| EMPLOYMENT AGREEMENT BY | ) | |
| AND BETWEEN DON E. MARSH AND | ) | |
| MARSH SUPERMARKETS, INC. | ) | |
| DATED AUGUST 3, 1999, AS | ) | |
| AMENDED | ) | |
| JANUARY 1, 2005 and | ) | |
| DECEMBER 30, 2005, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**DON E. MARSH'S RENEWED**
**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

The defendant, Don E. Marsh ("Mr. Marsh"), by counsel, pursuant to Rule 12(c) of the

Federal Rules of Civil Procedure, respectfully renews his motion for judgment on the pleadings

on Counts I (breach of contract) and III (ERISA) of the amended complaint filed by Marsh

Supermarkets, Inc. (the 'Company") and on Counts I (ERISA) and VI (declaratory judgment) of

the Counterclaim/Third-Party Complaint filed by Mr. Marsh against Marsh Supermarkets and the

Employment Agreement by and between Don E. Marsh and Marsh Supermarkets, Inc. dated

August 3, 1999, as amended effective January 1, 2005 and December 30, 2005. In support of this

motion, Mr. Marsh states as follows:

1

1.      The Company filed its complaint against Mr. Marsh on March 25, 2009, asserting claims for breach of employment agreement, fraud and deceit, and seeking relief under Section 502(a)(3)(B)(ii) of ERISA.

2.      Mr. Marsh answered the Company's complaint on June 10, 2009, and asserted a counterclaim and third-party complaint against the Company and the Employment Agreement as an ERISA plan, asserting violations of ERISA section 1132(a)(1), the Indiana Wage Act, and 26 U.S.C. § 7434, claims for breach of contract and negligence, and a request for a declaratory judgment pursuant to 28 U.S.C. § 2201.

3.      After the Company responded to the counterclaim, Mr. Marsh filed his Motion for Partial Judgment on the Pleadings on July 10, 2009, arguing that various claims asserted by and against the Company and the ERISA plan were premised "on clear and unambiguous provisions in the Employment Agreement and can be resolved as a matter of law." (Docket No. 23 p. 6.)

4.      In its opposition brief filed on July 28, 2009, the Company "explained that Mr. Marsh is not entitled to any relief because, among other reasons, Marsh Supermarkets may rescind Mr. Marsh's employment agreement and the company's decision to terminate him without cause[,]" specifically noting that although it "had not specifically requested rescission as one of the remedies available . . . [the Company] would seek leave to amend its Complaint, if necessary, in accordance with the Case Management Plan."  (Docket No. 34 ¶ 2 (citing Docket 25 p. 3 n.4, 5-12)).  In his Reply, Mr. Marsh acknowledged that the Company "rightly notes that it did not seek rescission as a remedy in its complaint and suggests that it will amend its complaint if necessary." (Docket No. 26 p. 3 n.1.)

5.      On October 20, 2009, the Company filed a Motion for Leave to File First Amended Complaint, seeking leave to amend its complaint to add the alternate request for

rescission as a remedy.   The Company specifically noted that it had "put Mr. Marsh on notice of this alternative request for relief when it opposed his motion for partial judgment on the pleadings" and that "leave to amend will not result in any prejudice to Mr. Marsh."  (Docket No. 34 ¶¶ 7, 9.)

6.      This Court granted the Company's Motion for Leave to File First Amended Complaint on October 25, 2009.  Mr. Marsh believes that the amended complaint technically mooted his pending motion for partial judgment on the pleadings because "[o]nce an amended pleading is filed, it supersedes the prior pleading.  The prior pleading is in effect withdrawn as to all matters not restated in the amended pleading, and becomes *functus officio*."  *Duda v. Bd. of Educ.*, 133 F.3d 1054, 1057 (7th Cir. 1998). Mr. Marsh's motion was based on the original complaint, which no longer controls.

7.      Although the Company's amended complaint supersedes its initial complaint, the amendment was remedial and anticipated.  Moreover, the arguments Mr. Marsh presented in his Motion for Partial Judgment on the Pleadings are not impacted by the Company's amendment. All parties specifically addressed the rescission issue in their arguments. In addition, Mr. Marsh is contemporaneously filing his Answer, Counterclaim, and Third-Party Complaint in response to the Company's amended complaint, but those claims are substantively identical to the ones advanced in Mr. Marsh's original filing and do not impact any issues presented by his motion for judgment on the pleadings.

8.      To the extent necessary in light of the amended complaint, Mr. Marsh hereby renews his request for partial judgment on the pleadings, incorporates all of the arguments set forth in his original filings (Docket Nos. 23 and 26) in support of this motion, and submits that

no new briefing on the issues raised in those filings is necessary in light of the limited changes occasioned by the amended complaint.

WHEREFORE, Don E. Marsh, by counsel, respectfully requests that the Court enter judgment on the pleadings in his favor on Counts I and III of the Amended Complaint and Counts I and VI of the Counterclaim/Third-Party Complaint.

Respectfully submitted,


s/ Andrew M. McNeil
Andrew M. McNeil (#19140-49)
W. James Hamilton (#20155-49)
Kellie M. Barr (#26423-53)

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, Indiana  46204
(317) 684-5000; (317) 684-5173 Fax
AMcNeil@boselaw.com
JHamilton@boselaw.com
KBarr@boselaw.com

Attorneys for Defendant, Don E. Marsh

4

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2009, a copy of the foregoing "Don E. Marsh's Renewed Motion for Partial Judgment on the Pleadings" was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> David K. Herzog, Esq.
> Ryan M. Hurley, Esq.
> Christopher W. Smith, Esq.
> Baker & Daniels LLP
> 300 North Meridian Street, Suite 2700
> Indianapolis, IN  46204
> david.herzog@bakerd.com
> ryan.hurley@bakerd.com
> christopher.smith@bakerd.com

> s/ Andrew M. McNeil_____
> Andrew M. McNeil

1536759_1