UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARSH SUPERMARKETS, INC., | ) |
| | ) |
|     Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| v. | ) CASE NO. 1:09-cv-00458-SEB-TAB |
| | ) |
| DON E. MARSH, | ) |
| | ) |
|     Defendant/Counterclaim Plaintiff/ | ) |
|     Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EMPLOYMENT AGREEMENT BY AND | ) |
| BETWEEN DON E. MARSH and MARSH | ) |
| SUPERMARKETS, INC. dated AUGUST 3, 1999, | ) |
| as amended JANUARY 1, 2005 and | ) |
| DECEMBER 30, 2005, | ) |
| | ) |
|     Third-Party Defendant. | ) |

**NON-PARTY DAVID A. MARSH'S BRIEF
IN SUPPORT OF VERIFIED MOTION FOR PROTECTIVE ORDER**

Non-party David A. Marsh ("David"), by counsel, respectfully submits his Brief In Support Of Verified Motion for Protective Oder ("Verified Motion"), pursuant to Federal Rule of Civil Procedure 26(c)(1)(B) and/or (C), seeking to disqualify the law firm of Baker & Daniels LLP ("Baker & Daniels") from representing Marsh Supermarkets, Inc. ("Marsh") in the deposition of David  For the reasons set forth herein, it would be improper and contrary to the Indiana Rules of Professional Conduct ("Rule ___") for Baker & Daniels to depose David, its former client, in this litigation because confidential information provided by David to Baker & Daniels may be used to David's detriment and without his consent.

1

## I. BACKGROUND FACTS

On or about February 8, 2006, Marsh sent David written notice pursuant to his employment agreement with Marsh ("Contract") that it was terminating David's employment as Marsh's President and Chief Operating Officer. (*See* Complaint filed on September 20, 2006 ("Complaint") in *David A. Marsh v. Marsh Supermarkets, Inc. et al.*, 1:06-cv-1395-JDT-TAB ("Prior Litigation").) David filed suit against Marsh asserting certain ERISA violations, breaches of the Contract, and a claim for unpaid wages. (Prior Litigation, Complaint, Doc. 1, ¶¶ 9-36.) As the Litigation proceeded, David and Marsh filed various amendments to the respective pleadings, including allegations by Marsh that, *inter alia*, David "also *caused or allowed the Company to pay for various personal services*, including personal financial planning [("Financial Planning")], the preparation of tax returns [("Tax Services")], *and estate planning services*, without authority under [the Contract] and *without causing or allowing [Marsh] to impute income to him* as a result" and that David concealed these expenses and activities from Marsh's Board of Directors. (Prior Litigation, Doc. 66, ¶¶ 10, 19 (emphasis added).) During the course of discovery, Marsh produced corporate documents including invoices for legal services related to estate planning services provided to David by Baker & Daniels ("B&D's Legal Services"). (Prior Litigation, Doc. 55, Ex 33.) David and Marsh settled the Litigation in October 2007. (Prior Litigation, Doc. 81.)

On March 20, 2009, Marsh sent a letter to David stating that "after extensive discussions with the [Internal Revenue Service ("IRS")] agent who is auditing [Marsh's] returns," certain expenditures of Marsh's funds by David which previously had been treated by Marsh as *reimbursable expenses*, including B&D's Legal Services, were now deemed by Marsh to constitute income to David. ("Tax Letter".) (Verified Motion, ¶ 2, Exhibit 1.) (Exhibits 1-2 are

attached to the Verified Motion.)  Upon information and belief, the IRS agent investigating Marsh authored an official IRS document wherein certain implications were made regarding David relating to potential civil and/or criminal tax liabilities ("Tax Allegations").  (Verified Motion, ¶ 3.)  After receiving the Tax Letter, the IRS also began investigating David's personal income taxes, including B&D's Legal Services ("IRS Investigation").  (Verified Motion, ¶ 4.)  The IRS Investigation and Tax Allegations create on-going concerns and potential liability for David including, but not limited to, B&D's Legal Services.  (Verified Motion, ¶ 5.)

On February 8, 2011, and in the instant litigation between David's Father, Don E. Marsh ("Don") and Marsh, Baker & Daniels issued a subpoena and subpoena *duces tecum* to David along with a Notice of Deposition ("David's Deposition"). (Verified Motion, ¶ 6, Exhibit 2.)  Therein, Baker & Daniels directed David to appear and to bring with him all documents relating to Marsh "expenses reimbursements."  (Verified Motion, ¶ 7.)  Interestingly, Baker & Daniels expressly commanded David to bring all documents relating to the Financial Planning and Tax Services, *see Exhibit 2*, but stopped short of commanding David to bring any documents relating to  the B&D's Legal Services.  *Id*.  Upon information and belief, some of the inquiry for David's Deposition could include Marsh's expense reimbursements, including reimbursements for B&D's Legal Services.  B&D's Legal Services were rendered by Baker & Daniels to David when he was a legal client of Baker & Daniels. (Prior Litigation, Doc. 55, Ex 33.)   David objects to Baker & Daniels taking his deposition for the reason that Baker & Daniels has access to confidential information gained while serving as David's legal counsel and that such confidential information may be used by Baker & Daniels to David's disadvantage.  (Verified Motion, ¶ 8.)  David does not consent to being deposed by his former lawyers, Baker & Daniels.  (Verified Motion, ¶ 9.)

3

## II. SUMMARY OF ARGUMENT

Because Baker & Daniels formerly provided legal services to David, this Court should disqualify Baker & Daniels from taking David's deposition in this matter pursuant to Rule 1.9 (conflicts of interest with former clients) and Rule 1.6 (disclosure of confidential information). A lawyer who formerly represented a client in a matter is precluded from representing another person in the "same or substantially related matter" unless the former client consents. David, Baker & Daniels' former client, does not consent to waive this conflict of interest. Additionally, David previously disclosed confidential information to Baker & Daniels when it provided estate planning and legal services to David, which services are substantially related to the matters at issue in the matter *sub judice*. When an attorney represents a former and current client in a related matter, confidential information presumably was obtained. It is contrary to the Rules of Professional Conduct to allow Baker & Daniels to use confidential information gleaned in its representation of David to his detriment by permitting Baker & Daniels to depose David in this litigation.

## III. ARGUMENT

### A. Rule 1.9 Precludes Baker & Daniels from Deposing David in this Litigation.

The relationship between client and counsel mandates the strictest of confidences even after the termination of the attorney-client relationship. Prof. Cond. R. 1.6.[1] Rule 1.9(c)'s mandate provides in part:

> A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>     (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a

---

[1] Rule 1.6(a) provides that "[a] lawyer shall not reveal information relating to representation of a client unless the client gives informed consent. . . ." In addition Comment 18 thereto states that "[t]he duty of confidentiality continues after the client-lawyer relationship has terminated." *See also* Prof. Cond. R. 1.9(c)(1) (prohibition against using such information to the disadvantage of the former client).

4

>client, or when the information has become generally known; or
>   (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

Prof. Cond. R. 1.9(c). It is imperative that former counsel shall not represent a subsequent client in a related matter that will negatively impact the former client unless the former client consents. Prof. Cond. R. 1.9(a). Rule 1.9(a) states:

>A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Moreover, "the duty of loyalty to a client extends to all members of a firm, not merely those directly responsible for the client's representation. . . ." *Bethlehem Steel Corp. v. Sercon Corp.*, 654 N.E.2d 1163, 1170 (Ind. Ct. App. 1995); *see also* Prof. Cond. R. 1.10 (general imputation to all members of law firm); *accord Gerald v. Turnock Plumbing, Heating & Cooling, LLC*, 768 N.E.2d 498, 504 (Ind. Ct. App. 2002) ("[T]here is a rebuttable presumption that the knowledge possessed by one attorney in a law firm is shared with the other attorneys in the firm."). "[I]t is noteworthy that the attorney-client privilege is that of the client and not of the lawyer." *Bethlehem*, 654 N.E.2d at 1170.

"A trial court may disqualify an attorney for a violation of the Rules of Professional Conduct that arises from the attorney's representation before the court." *Robertson v. Wittenmyer*, 736 N.E.2d 804, 806 (Ind. Ct. App. 2000); *accord Cincinnati Ins. Co. v. Wills*, 717 N.E.2d 151, 154 (Ind. 1999).[2] "The trial court's authority has been described as necessary to prevent insult and gross violations of decorum, and that authority is limited to attorneys

---

[2] The Federal Rules of Civil Procedure prescribe the procedural authority for the remedy of disqualification sought here. Rule 26(c)(1)(B)-(C) provides that the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . specifying terms, including time and place for the disclosure of discovery [or] prescribing a discovery method other than the one selected by the party seeking discovery."

appearing before the court." *Robertson*, 736 N.E.2d at 806 (quoting *McQueen v. State*, 396 N.E.2d 903, 904 (Ind. 1979)); *accord Gerald*, 768 N.E.2d at 501.  The Indiana "Supreme Court has held that a lawyer must be disqualified from a pending case if that case is substantially related to a matter in which the lawyer previously represented another client." *Robertson*, 736 N.E.2d at 806 (citing *Angleton v. Estate of Angleton*, 671 N.E.2d 921, 928 (Ind. Ct. App. 1996)).

"Matters are 'substantially related' for purposes of [Rule 1.9] if . . . there . . . is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advise the client's position in the subsequent matter." *See* Prof. Cond. R. 1.9, Cmt. 3.  "When defining what constitutes a substantially related matter, [the Indiana Supreme Court] has looked to the facts of a case to determine if the issues in the prior and present cases are 'essentially the same or are closely interwoven therewith.'" *Gerald*, 768 N.E.2d at 503 (quoting *In re Robak*, 654 N.E.2d 731, 734 (Ind. 1995)).  If a court determines that there is such a substantial relationship, "there is a rebuttable presumption that the attorneys received confidential information during their prior representation." *Id.* at 504.

"In situations where counsel represents a party in connection with a matter, then in effect switched sides, the duty to maintain client confidences is necessarily implicated.  Thus, the court held that such circumstances raise an irrefutable presumption that confidences were disclosed." *Robertson*, 736 N.E.2d at 808; *accord Jones & Henry v. Town of Orland*, 942 F. Supp. 1202, 1208 (N.D. Ind. 1996) ("Receipt of confidential client communications will be presumed in circumstances which make it a likely possibility.") (quotation omitted); *Johnson v. State*, 675 N.E.2d 678, 687 (Ind. 1996) (when there is a substantial relationship between the prior and subsequent representation of clients, there is an irrefutable presumption that confidentiality has been breached).

Here, Baker & Daniels' current representation of Marsh runs afoul of the Rules of Professional Conduct in that Baker & Daniels possesses confidential information which David previously provided and which may used against him without his consent. David was a client of Baker & Daniels when the firm consulted with David about his estate planning needs. Devising and implementing wealth succession plans are highly factual in nature and involve deeply personal and confidential matters. The information provided by David to Baker & Daniels is to remain in the minds and files of Baker & Daniels absent some instruction to the contrary by David. To allow Baker and Daniels to depose David on Marsh's behalf regarding any matter tangential to the confidential communications between David add Baker & Daniels is contrary to the language and purpose of Rule 1.9.

Additionally, for Baker & Daniels to contend that confidential communications exchanged between it and David are not implicated in the case at bar is disingenuous. Specifically, the Notice served upon David by Baker & Daniels expressly commands that he produce all documents relating to Marsh "expenses reimbursements." Further, David was commanded to bring all documents relating to the Financial Planning and Tax Services, *see* Exhibit 2, but did not direct him to bring documents relating to the B&D's Legal Services. It is likely not an "oversight" that Baker & Daniels "forgot" to command that David produce documents relating to the B&D's Legal Services. Rather, it is more likely that Baker & Daniels knew that asking for such documents would bring it to the situation faced today, *i.e.*, that Baker & Daniels risked being disqualified from deposing David. However, strategic draftsmanship does not save Baker & Daniels from a challenge by David regarding its former representation of him. *See* Prof. Cond. R. 1.6; 1.9; 1.10.

Moreover, the IRS is reviewing David's personal income tax matters including, but not

limited to, B&D's Legal Services. David is also on notice that such investigation could expose him to possible civil and criminal tax liabilities. It is also possible that Baker & Daniels could be called as a witness in the IRS Investigation and that such testimony would be used by the IRS adversely to David. In the interest of fairness and consistent with the rules of professional conduct, Baker & Daniels should be disqualified from deposing David.

### B. Baker & Daniels Cannot Represent Marsh and Depose David.

To allow Baker & Daniels, on Marsh's behalf, to depose David about the B&D's Legal Services necessarily delves into matters, such as the B&D's Legal Services, discussed under the shield of attorney-client confidence. "[A] lawyer shall not reveal information relating to representation of a client unless the client gives informed consent. . . ." Prof. Cond. R. 1.6. Protecting a clients' information and confidence ". . . continues after the client-lawyer relationship has terminated." *Id*. at Cmt. 18. "One of the cornerstones of competent legal service is an attorney-client relationship wherein the client is assured of having confidences kept and loyalties preserved. The Rules of Professional Conduct require that every lawyer extend undivided loyalty to every client." *In re Robak*, 654 N.E.2d at 735-36.

Here, by serving the Notice, Baker & Daniels placed itself in the position of exposing, *without consent*, David's confidential communications previously exchanged between him and the law firm. To allow Baker & Daniels to depose David on Marsh's behalf gives Baker & Daniels *and Marsh* (now Baker & Daniels' client) decided advantages not only in this litigation but also in Marsh's audit by the IRS regarding Marsh's tax treatment of reimbursable expenses (including B&D's Legal Services)—all of which are to David's disadvantage. The issue of Marsh's reimbursable expenses is inextricably linked to, and indeed arises from the same set of facts, this litigation and the B&D's Legal Services. To allow David to be deposed by Baker &

8

Daniels in this circumstance does not comport with the admonition that a lawyer who formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing. Prof. Cond. R. 1.9(a); *accord In re Robak,* 654 N.E.2d at 735-36; *Robertson,* 736 N.E.2d at 808; *Jones*, 942 F. Supp. at 1208.

David respectfully objects to Baker & Daniels deposing him in this litigation where Baker & Daniels now represents Marsh about information provided in confidence by David to Baker & Daniels. This information may well extend to the related topics of David's personal tax, financial transactions and accounts, retirement planning, and various other topics addressed when estate planning legal services are provided. As noted, above, the Notice expressly commanded David to bring all documents relating to his Financial Planning and Tax Services, thereby broadening the areas of inquiry and bleeding into attorney-client confidences protected from disclosure absent consent. Because "the attorney-client privilege is that of the client," *Bethlehem*, 654 N.E.2d at 1170, it is up to David—not Baker & Daniels or Marsh—to waive it. David does not so waive, as is his privilege. The Court, in its discretion, should error on the side of preserving the attorney-client privilege and issue an order of protection disqualifying Baker & Daniels from deposing David in this litigation. Fed. R. Civ. P. 26(c)(1)(B) and/or (C).

## IV.   CONCLUSION

By seeking to disqualify Baker & Daniels in this circumstance, David A. Marsh does not ask to prohibit inquiry into matters that may be relevant to this litigation. However, the deposing lawyer should not be the former counsel with intimate and confidential knowledge of matters substantially related to the issues at hand. Granting an order of protection will not unduly restrict Marsh's right to reasonable discovery in this litigation.

9

Respectfully submitted,

/s/Linda J. Cooley
Linda J. Cooley, Atty. No. 16382-29
C. Joseph Russell, Atty. No. 6290-49
KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, Indiana 46204
lcooley@kdlegal.com
crussell@kdlegal.com

Attorneys for Non-Party David A. Marsh

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following counsel by operation of the Court's CM/ECF System:

David K. Herzog, Esq.
Ryan M. Hurley, Esq.
Munjot Sahu, Esq.
BAKER & DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
david.herzog@bakerd.com
ryan.hurley@bakerd.com
munjot.sahu@bakerd.com

Andrew M. McNeil, Esq.
W. James Hamilton, Esq.
Emily L. Yates, Esq.
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
amcneil@boselaw.com
jhamilton@boselaw.com
eyates@boselaw.com

Bernie W. Keller
KELLER MACALUSO LLC
770 3rd Avenue SW
Carmel, IN 46032
too@kellermacaluso.com

/s/Linda J. Cooley
Linda J. Cooley

KD_3309028_2.DOCX