UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARSH SUPERMARKETS, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:09-cv-458-SEB-TAB |
| | ) | |
| DON E. MARSH, | ) | |
|     Defendant. | ) | |

# ORDER ON NONPARTY DAVID A. MARSH'S
# MOTION FOR PROTECTIVE ORDER

## I.    Introduction

Indiana Rule of Professional Conduct 1.9 precludes attorneys and firms from switching sides. Nonparty David A. Marsh asserts that Baker & Daniels's plan to depose him in this case on behalf of Plaintiff Marsh Supermarkets, Inc. would violate Rule 1.9 because Baker & Daniels previously provided him with estate planning advice. Because David's estate planning work is substantially related to his deposition in this case, and because David did not unreasonably delay in seeking disqualification, Baker & Daniels may not depose him in this case.

## II.    Background

Marsh Supermarkets, Inc. ("the Company") sued Don E. Marsh alleging that he misused its funds while serving as its CEO. The Company believes these alleged misdeeds include authorizing payment of personal expenses for Don's son (and former Company president), David. One disputed expense was for David's personal estate planning with Baker & Daniels over five years ago, and the Company wishes to depose David about why it paid for his personal legal work. The Company plans for David's deposition to be taken by its long-time counsel, Baker & Daniels.

David and the Company have their own litigation history, including David's 2006 lawsuit against the Company. *David A. Marsh v. Marsh Supermarkets, Inc.*, No. 1:06-cv-1395-JDT-TAB. David's lawsuit also involved the Company's payment of his personal expenses, including the estate planning fees. Baker & Daniels defended the Company against David's action, and at no time did David seek to disqualify the firm. The lawsuit ultimately settled in October 2007.

At some point, the IRS got involved. On March 20, 2009, the Company notified David that "certain expenditures of funds of Marsh Supermarkets, Inc. by you or on your behalf that were treated as reimbursable expenses constitute income to you. We reached this determination after extensive discussions with the IRS Agent who is auditing our returns."[1] [Docket No. 88, Ex. 1.] David believes that the IRS Civil Investigation Division has authored a document "wherein certain implications were made regarding David relating to his potential civil and/or criminal tax liabilities."[2] [Docket No. 88 at ¶ 3.] David asserts that his awareness of these liabilities spurred his objection to Baker & Daniels deposing him in this lawsuit. [Docket No. 102 at 2–3.] His counsel raised this objection with Baker & Daniels on August 6, 2010, and the Company advised that it was postponing David's deposition indefinitely. [*Id.* at 1–2.]

On February 8, 2011, the Company noticed David's deposition for March 17, 2011. [Docket No. 88, Ex. 2.] David renewed his objection, and his counsel met and conferred with Baker & Daniels and counsel for Don Marsh without reaching agreement. [Docket No. 88 at 3.]

---

[1] Despite the letter's perhaps unwelcome message, David may have taken some comfort in the motto at the bottom of the Company letterhead: "we value you." [Docket No. 88, Ex. 1.]

[2] David's motion for protective order mistakenly identified the "IRS Criminal Investigation Division." He subsequently moved to correct this error. [Docket No. 104.] The Court grants his motion to correct.

David's motion for protective order [Docket No. 88] followed.

## III. Discussion

David argues that disqualification is proper because permitting Baker & Daniels to depose him would create a conflict of interest. The Company responds that Baker & Daniels has no conflict because its prior representation of David is not substantially related to his deposition in this matter. Alternatively, the Company argues that even if Baker & Daniels has a conflict, David waived any objection by not seeking disqualification sooner.

### A. *Disqualification for conflict of interest*

The standards governing disqualification of counsel derive from Indiana's Rules of Professional Conduct—adopted as this Court's standards of conduct—and federal common law. *Leathermon v. Grandview Mem'l Gardens, Inc.*, No. 4:07-cv-137-SEB-WGH, 2010 WL 1381893, at *8 (S.D. Ind. Mar. 31, 2010). David alleges that permitting Baker & Daniels to depose him in this matter would violate these rules. David focuses his argument on Rule 1.9(a), which provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

The federal common law provides a similar standard: disqualification is required if the prior representation has a "substantial relationship" to the current matter such that "it could reasonably be said that during the former representation the attorney might have acquired information related to the subject matter of the subsequent representation." *Leathermon*, 2010 WL 1381893, at *8 (quoting *LaSalle Nat'l Bank v. Lake County*, 703 F.2d 252, 255 (7th Cir. 1983)).

The Company argues that Baker and Daniels's previous estate planning work is not

substantially related to the planned deposition because the deposition will not cover any estate planning details—only why the Company footed the bill. The Company also makes much of David's failure to specify the type of confidential information given to Baker & Daniels. Comment 3 to Rule 1.9 addresses these arguments:

> Matters are "substantially related" for purposes of this Rule if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter. . . . A former client is not required to reveal the confidential information learned by the lawyer in order to establish a substantial risk that the lawyer has confidential information to use in the subsequent matter. A conclusion about the possession of such information may be based on the nature of services the lawyer provided the former client and information that would in ordinary practice be learned by a lawyer providing such services.

The nature of estate planning requires a client to provide sensitive financial information, particularly concerning the client's tax position. David has not specified what he disclosed to Baker & Daniels, but comment 3 permits the inference that it included tax information. Even if this specific information is not anticipated to come up in deposition, knowledge of David's financial position could shed some light on why the Company paid his legal fees and characterized them as reimbursable—a position the Company no longer holds, and a position the IRS is apparently scrutinizing. Under these circumstances, Rule 1.9 precludes Baker & Daniels from deposing David.

*B.     Waiver*

The Company argues that even if Baker & Daniels has a conflict of interest, David waived any objection by failing to seek disqualification sooner. In the Seventh Circuit, "[a] motion to disqualify should be made with reasonable promptness after a party discovers the facts which lead to the motion." *Leathermon*, 2010 WL 1381893, at *12 (quoting *Kafka v. Truck Ins. Exch.*, 19 F.3d 383, 386 (7th Cir. 1994)). Deciding whether a party's delay waives its right to seek disqualification requires the Court to "balance the policy of preserving former client confidences with that of allowing parties their freedom to choose their legal counsel." *KnowledgeAZ, Inc. v. Jim Walter Res., Inc.*, No. 1:05-cv-1019-RLY-WTL, 2007 WL 2258731, at *5 (S.D. Ind. Aug. 3, 2007).

The Company is correct that David could have, and perhaps should have, moved for Baker & Daniels's disqualification during the 2006 litigation. But that was before the IRS entered the picture. David's interest in identifying a conflict is now much greater than in 2006, providing a reasonable explanation for his delay in moving to disqualify. Upon learning of the Company's plans to depose him, David communicated his concerns. And, although he did so only three days before his scheduled deposition, David asserted his interest by timely moving for a protective order.[3]

The Company is also correct that it will suffer some prejudice if Baker & Daniels cannot depose David. Baker & Daniels is highly familiar with the history of the Marsh litigation and

---

[3]At some point, the parties also met and conferred. But because David's statement under Local Rule 37.1 omits the date, time, and place of their conference as required by the rule, the Court is unable to determine whether the meet and confer provided the Company with earlier notice of David's intentions.

has already prepared to depose David. But the Company has been aware of David's objections to Baker & Daniels since August 2010 and bears some responsibility for undertaking deposition preparation before David's reasonably anticipated motion for protective order.

This is a close case. David could have sought disqualification sooner, but he seeks disqualification only for a single deposition, and the Company has long been aware of his objections. Moreover, as discussed above, his objections are significant. Estate planning requires disclosure of sensitive financial information, and even if the deposition is not anticipated to cover that information, David—now under IRS scrutiny—has a valid concern that his sensitive information would be in the minds of attorneys from whose firm he previously sought advice. Judge Barker recently weighed these types of competing interests in another case. She concluded that disqualification was required, reasoning that:

> given the extent of the conflict here, we cannot withhold the remedy of disqualification where the confidence of the public and the integrity of the legal system is at stake. As the Seventh Circuit observed in *Analytica:* "For a law firm to represent one client today, and the client's adversary tomorrow in a closely related matter, creates an unsavory appearance of conflict of interest that is difficult to dispel in the eyes of the lay public—or for that matter the bench and bar—by the filing of affidavits, difficult to verify objectively, denying that improper communication has taken place or will take place between the lawyers in the firm handling the two sides." 708 F.2d at 1269. Any such appearance is particularly difficult to dispel where, as here, the public has been so intimately involved in the progression of this case. Clients have a right to expect representation that is untainted by conflict and clients will not repose confidences in attorneys or firms who switch from one side to another, whatever the reason.

*Leathermon*, 2010 WL 1381893, at *12. Although the conflict in *Leathermon* was more pronounced, the same principles apply here. Recognizing these concerns and the nature of the conflict David has identified, the Court concludes that the remedy David seeks is appropriately narrow, and the most appropriate and prudent course of action is for the Company to retain

separate counsel for David's deposition.

## IV. Conclusion

Nonparty David A. Marsh's motion for protective order [Docket No. 88] and motion to correct [Docket No. 104] are granted, and therefore Baker & Daniels may not depose David on behalf of Marsh Supermarkets, Inc.

Dated: 05/20/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Linda Joy Cooley
KRIEG DEVAULT, LLP
lcooley@kdlegal.com

Winthrop James Hamilton
BOSE MCKINNEY & EVANS, LLP
jhamilton@boselaw.com

David K. Herzog
BAKER & DANIELS - Indianapolis
david.herzog@bakerd.com

Ryan Michael Hurley
BAKER & DANIELS - Indianapolis
ryan.hurley@bakerd.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP
amcneil@boselaw.com

C. Joseph Russell
KRIEG DEVAULT LLP
crussell@kdlegal.com

Munjot Sahu
BAKER & DANIELS - Indianapolis
munjot.sahu@bakerd.com

Emily L. Yates
BOSE MCKINNEY & EVANS, LLP
eyates@boselaw.com