UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARSH SUPERMARKETS, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   vs. | ) | 1:09-cv-0458-SEB-TAB |
| | ) | |
| DON E. MARSH, | ) | |
|     Defendant. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Motions for reconsideration allow for relief under limited circumstances. This motion presents one such circumstance.

On May 20, 2011, this Court disqualified Baker & Daniels from deposing nonparty David A. Marsh, finding that David's prior estate planning work with Baker & Daniels is substantially related to his proposed deposition in this case, and that David did not unreasonably delay in seeking disqualification. [Docket No. 112.] Marsh Supermarkets, Inc. ("the Company") now seeks reconsideration, relying on new facts calling into question the conclusion that David did not unreasonably delay in seeking disqualification. [Docket No. 113 at 1–2.] The facts now before the Court demonstrate that David knew a potentially serious conflict existed since August 2010, but failed to raise this conflict until March 14, 2011. [*Id.*] Accordingly, the Company requests that this Court reconsider whether David waived his right to disqualify Baker & Daniels. [Docket Nos. 112, 113.]

In the Seventh Circuit, "[a] motion to disqualify should be made with reasonable promptness after a party discovers the facts which lead to the motion." *Leathermon v. Grandview Mem'l Gardens, Inc.*, No. 4:07-cv-137-SEB-WGH, 2010 WL 1381893, at *12 (S.D.

Ind. Mar. 31, 2010) (quoting *Kafka v. Truck Ins. Exch.*, 19 F.3d 383, 386 (7th Cir. 1994)). Deciding whether a party's delay waives its right to seek disqualification requires the Court to "balance the policy of preserving former client confidences with that of allowing parties their freedom to choose their legal counsel." *KnowledgeAZ, Inc. v. Jim Walter Res., Inc.*, No. 1:05-cv-1019-RLY-WTL, 2007 WL 2258731, at *5 (S.D. Ind. Aug. 3, 2007).

As discussed in this Court's previous order, this is a close case [Docket No. 112] and close cases often hinge on factual nuances. David now admits in his response brief that he waited until three days before his March 2011 deposition to seek to disqualify Baker & Daniels, even though he knew about the conflict in August 2010. [Docket No. 116 at 2–3.] Previously, the only reason that this Court found it reasonable for David to seek disqualification in August 2010—rather than during his 2006 litigation with the Company—was because more was at stake when the IRS became involved in August 2010. [Docket No. 112 at 2, 5–6.] But it now turns out, contrary to his prior assertion [Docket No. 102 at 2], that David did not raise the conflict in August 2010 when the IRS came into the picture. [Docket No. 113, Ex. A.] Instead, he waited until March 2011. [*Id.*] This new factual scenario provides a proper basis for this Court to depart from its prior conclusion.

David's counsel argues that she was not aware of the conflict until three days before the March 2011 deposition after a "refreshed review of the B&D Invoices." [Docket No. 116 at 2, ¶ 5.] However, counsel's failure to adequately review the invoices for a conflict when she received them does not provide a sufficient justification for the delay. Even without a proper review of the invoices, David knew about his prior relationship with Baker & Daniels. *See Exterior Sys., Inc. v. Noble Composites, Inc.*, 175 F. Supp. 2d 1112, 1122 (N.D. Ind. 2001) ("A

former client's ability to seek disqualification of its adversary's attorney can be waived if the former client knew of its attorney's representation . . . but failed to raise its objection promptly."). The Company's reply brief sets forth a compelling litany of undisputed facts that depict an unreasonably delayed response by David. [Docket No. 117 at 2–3.]

Plaintiff's motion to reconsider order on nonparty David A. Marsh's motion for protective order [Docket No. 113] is granted, and the limited disqualification previously ordered [Docket No. 112] is nullified. Baker & Daniels may therefore depose David on behalf of Marsh Supermarkets, Inc.

Dated: 06/03/2011

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Linda Joy Cooley
KRIEG DEVAULT, LLP
lcooley@kdlegal.com

Winthrop James Hamilton
BOSE MCKINNEY & EVANS, LLP
jhamilton@boselaw.com

David K. Herzog
BAKER & DANIELS - Indianapolis
david.herzog@bakerd.com

Ryan Michael Hurley
BAKER & DANIELS - Indianapolis
ryan.hurley@bakerd.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP
amcneil@boselaw.com

C. Joseph Russell
KRIEG DEVAULT LLP
crussell@kdlegal.com

Munjot Sahu
BAKER & DANIELS - Indianapolis
munjot.sahu@bakerd.com

Emily L. Yates
BOSE MCKINNEY & EVANS, LLP
eyates@boselaw.com