UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARSH SUPERMARKETS, INC., ) | |
|     Plaintiff/Counterclaim ) | |
|     Defendant, ) | |
| ) | |
| vs. ) | |
| ) | |
| DON E. MARSH, ) | |
|     Defendant/Counterclaim ) | |
|     Plaintiff. ) | |
| _____ ) | 1:09-cv-00458-SEB-TAB |
| ) | |
| DON E. MARSH, ) | |
|     Third Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| EMPLOYMENT AGREEMENT BY AND ) | |
| BETWEEN DON E. MARSH AND ) | |
| MARSH SUPERMARKETS, INC., ) | |
|     Third Party Defendant. ) | |

**ORDER**

This matter is set for jury trial on February 4, 2013. Before trial commences, the parties have requested that the Court rule on the issue of whether Mr. Marsh is entitled to try Count IV of his Amended Counterclaim to a jury. In this count, Mr. Marsh accuses the Company of "knowingly, willfully, and maliciously fil[ing] . . . fraudulent [tax] information returns with respect to payments purported to have been made to Mr. Marsh[,] in violation of 26 U.S.C. § 7434." Am. Counterclaim ¶ 51. The Company asserts that claims brought pursuant to 26 U.S.C. § 7434 do not enjoy Seventh Amendment protection.

1

Having reviewed the parties' briefings on the issue, as well as applicable case precedent, it is the judgment of this court that the Seventh Amendment does apply to causes of action brought under 26 U.S.C. § 7434.  Accordingly, the Court concludes that Mr. Marsh is entitled to present Count IV of his Amended Counterclaim to a jury.

Even where, as here, the substantive law of a particular state applies, federal procedural law controls on the issue of whether a right to a jury trial exists.  *Dexia Credit Local v. Rogan*, 629 F.3d 612, 625 (7th Cir. 2010).  Federal Rule of Civil Procedure 38(a) preserves inviolate the parties' right to a trial by jury "as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute."  Fed. R. Civ. P. 38(a).  The Seventh Amendment, in turn, declares, "In [s]uits at common law, where the value in controversy shall exceed twenty dollars, the right to trial by jury shall be preserved."  U.S. CONST. amend. VII.  As the Seventh Circuit instructed in *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 648 (7th Cir. 2002), a court must inquire whether a particular action concerns legal rights before concluding that a jury trial right exists.  We must therefore "examine both the nature of the claim for relief and the remedy sought."  *Id.*

Invoking a hornbook definition of "suit at common law" (*i.e.*, a suit involving the determination of legal, rather than equitable, rights and remedies), the Company contends that no right to jury trial exists on Mr. Marsh's fraudulent filing claim because "[it] is a statutory claim and involves legal rights and remedies [and] cannot be considered a 'suit at common law.'"  Company Tr. Br. at 21 (citation omitted).  The Company would have the

2

Court limit the constitutional right to jury trial as follows: "A jury can decide a statutory claim if Congress granted the right to a trial by jury in the statute or the legislative history of the statute suggests that Congress intended to grant the right to a jury trial." *Id.* However, with no case law to support this point, the Company's argument is unavailing. We find much more persuasive (and, indeed, controlling) the principles enunciated in *Curtis v. Loether*, 415 U.S. 189 (1974), and *Tull v. United States*, 481 U.S. 412 (1987).

In *Curtis*, the Supreme Court unequivocally dispelled the Company's notion that jury trials are somehow unavailable for statutory claims, noting that:

> [W]e have considered the applicability of the constitutional right to jury trial in actions enforcing statutory rights "as a matter too obvious to be doubted." Although the Court has apparently never discussed the issue at any length, we have often found the Seventh Amendment applicable to causes of action based on statutes. . . . Whatever doubt may have existed should now be dispelled. The Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law.

*Curtis*, 415 U.S. at 193-94 (1974) (citations omitted). The Court did, of course, articulate some policy reasons for excepting matters (notably, bankruptcy and administrative proceedings) from the Seventh Amendment's guarantee. However, the Court was clear on the point that "where there is obviously no functional justification for denying the jury trial right, a jury trial must be available if the action involves rights and remedies of the sort typically enforced in an action at law." *Id.* at 195. *Curtis*, as Mr. Marsh correctly observes, remains the "law of the land" concerning this issue.

We think it is clear that a fraudulent filing action falls squarely within the purview

3

of the Seventh Amendment. Nevertheless, under *Tull*, we must (1) "compare [this] . . . action to 18th-century actions brought . . . prior to the merger of the courts of law and equity" and (2) "examine the remedy sought and determine whether it is legal or equitable in nature." *Tull*, 481 U.S. at 417-18. Mr. Marsh posits that a § 7434 action is analogous to common law fraud, which "requires proof of a false or misleading statement or material omission, reliance thereon, damages caused by the wrongdoing, and scienter on the part of the defendant." *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 376-77 (1991); *c.f. Rice v. Strunk*, 670 N.E.2d 1280, 1289 (1996) (stating elements of fraud under Indiana law). Because § 7434 liability is proper when the defendant "willfully" reports false information on Internal Revenue Service forms, detrimental reliance occurs, and "actual" damages result from such reliance, *see* 26 U.S.C. §§ 7434(a)-(b), we agree that actions arising under this statute mirror old common law fraud claims sounding in law.

Our second inquiry, *i.e.*, whether the remedy sought is legal or equitable in nature, has traditionally been regarded as the controlling question. *See Tull*, 481 U.S. at 421; *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33, 42 (1989). A legal remedy is "a term of art that—as a historical matter—encompasses and is defined by monetary relief." *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 458 (7th Cir. 2006). Although no bright-line distinction separates legal from equitable remedies, *see* 9 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2302, the Seventh Circuit has recognized that "[l]egal remedies traditionally involve money damages." *Int'l Fin. Servs. Corp. v. Chromas Techs. Canada, Inc.*, 356 F.3d 731, 736 (7th Cir. 2004). On the other hand, equitable remedies

tend to be "coercive . . . [and] enforceable directly on the person or thing to which they are directed." *Id.*  It is entirely clear that Mr. Marsh seeks the former of these two types of remedies.  In Count IV of his Amended Counterclaim, he seeks to recover, *inter alia*, "nonemployee compensation" allegedly improperly withheld from him as well as "business expenses [allegedly] incurred by or on behalf of the Company that should not constitute . . . income to [him]."  Am. Counterclaim ¶¶ 49-50.  This cause of action plainly contemplates the recovery of money damages, which unquestionably makes the claim sound in law.  As a result, the Seventh Amendment right to trial by jury is available to Mr. Marsh (pursuant to his demand for jury trial on all issues so triable) on Count IV of his Amended Counterclaim.

      IT IS SO ORDERED.

Date: _____02/01/2013_____    _____*Sarah Evans Barker*_____
                                                           SARAH EVANS BARKER, JUDGE
                                                           United States District Court
                                                           Southern District of Indiana

Copies to:

Christopher William Smith
FAEGRE BAKER DANIELS LLP - Indianapolis
christopher.smith@bakerd.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP
amcneil@boselaw.com

Jonathan Lamont Mayes
BOSE MCKINNEY & EVANS, LLP
jmayes@boselaw.com

Kellie M. Barr
BOSE MCKINNEY & EVANS, LLP
kbarr@boselaw.com

Winthrop James Hamilton
BOSE MCKINNEY & EVANS, LLP
jhamilton@boselaw.com

David K. Herzog
FAEGRE BAKER DANIELS LLP - Indianapolis
david.herzog@faegrebd.com

Munjot Sahu
FAEGRE BAKER DANIELS LLP - Indianapolis
munjot.sahu@faegrebd.com

Ryan Michael Hurley
FAEGRE BAKER DANIELS LLP - Indianapolis
ryan.hurley@FaegreBD.com

Bernie W. (Too) Keller
KELLER MACALUSO LLC
too@kellermacaluso.com

C. Joseph Russell
KRIEG DEVAULT LLP
crussell@kdlegal.com

Linda Joy Cooley
KRIEG DEVAULT, LLP
lcooley@kdlegal.com

Emily L. Yates
LITTLER MENDELSON
eyates@littler.com