UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARSH SUPERMARKETS, INC., )<br> )<br>   Plaintiff/Counterclaim-Defendant, )<br> )<br>vs. )<br> )<br>DON E. MARSH, )<br> )<br>   Defendant/Counterclaim-Plaintiff, )<br> )<br>vs. )<br> )<br>EMPLOYMENT AGREEMENT BY )<br>AND BETWEEN DON E. MARSH AND )<br>MARSH SUPERMARKETS, INC. )<br>DATED AUGUST 3, 1999, AS AMENDED )<br>JANUARY 1, 2005 AND )<br>DECEMBER 30, 2005, )<br> )<br>   Third-Party Defendant ) | No. 1:09-cv-00458-SEB-TAB |

**ORDER ON PARTIES' MOTIONS FOR ATTORNEYS' FEES AND COSTS**

This cause returns to us for consideration of a number of post-trial motions filed by both parties. As part of their respective motions to amend the order on post-trial claims and final judgment [Docket Nos. 312 and 314], Defendant Don E. Marsh ("Mr. Marsh") and Plaintiff Marsh Supermarkets, Inc. ("the Company") seek revision of the portion of our post-trial order concerning attorneys' fees and costs. Additionally, both parties have filed bills of costs [Docket Nos. 299 and 306] and motions for attorneys' fees [Docket Nos. 300 and 308] quantifying their requests for reimbursement on the basis of our earlier rulings. We now address and correct an error in our post-trial order and direct further fact-finding to resolve the parties' differences regarding the apportionment of fees between and among the case's disparate legal issues.

1

**Procedural Background**

On July 29, 2013, we issued an Order on Post-Trial Claims [Docket No. 294], resolving the legal and equitable issues in this case that had not been previously submitted to the jury. In that order, we ruled in substance that Mr. Marsh was entitled to recover his salary continuation and other benefits under ERISA, and we denied the Company's attempt to avoid its benefits obligations pursuant to an ERISA Section 502(a)(3) grant of equitable relief. Docket No. 294 at 33. We further held that the Company breached Mr. Marsh's Employment Agreement by failing to tender to Mr. Marsh his properly payable post-termination benefits.[1] *Id.* Finally, we ruled that both parties were entitled to recover their respective attorneys' fees and costs for portions of the litigation. *Id.* at 30–32.

The preponderance of our discussion of attorneys' fees in the Order was devoted to Mr. Marsh's claim for recovery of fees in connection to his favorable ERISA judgment. Mr. Marsh has consistently argued that Section 11.1 of his Employment Agreement guaranteed him the reimbursement of any attorneys' fees he incurred in waging his side of a dispute over benefits, and he has further insisted that ERISA mandates full enforcement of that provision in the Agreement. In our order, we affirmed our prior conclusion—reached in a May 18, 2012 order—that: "(1) . . . ERISA governs the interpretation of Section 11.1, and (2) that the Court must apply the 'unambiguous plan language' of Section 11.1 as it relates to [Mr. Marsh's] attorneys' fees." Docket No. 294 at 31 (citing Docket No. 146 at 7–8). Noting that the Seventh Circuit has "deemed it 'straightforward' that when provisions like Paragraph 11.1 clearly confer reasonable attorneys' fees, it is 'not a matter of discretion,'" we held that Mr. Marsh was entitled to an award of fees and costs. *Id.* (citing *Bowles v. Quantum Chem. Co.*, 266 F.3d 622, 636 (7th Cir.

---

[1] We have since vacated this portion of the Order, recognizing that Mr. Marsh's breach of contract claim is preempted by ERISA. *See* Docket No. 328.

2001)). However, we made clear that he is entitled to recover only those fees and costs related to his pursuit of his successful ERISA claim; in keeping with our approach throughout the life of this litigation, we emphasized that the ERISA and non-ERISA claims are separate and distinct, and that Mr. Marsh was to be considered the "prevailing party"—and thus entitled to recovery under the statute and the terms of the Agreement—only with respect to the ERISA dispute. *Id.* at 31–32.

In much briefer fashion, we also addressed the issue of attorneys' fees incurred by the parties in litigating the non-ERISA aspects of the case. We said:

> Mr. Marsh is not entitled to recover attorneys' fees and costs on the remaining claims in this lawsuit (*i.e.*, the non-ERISA claims). As we have repeatedly stated, the scope of Paragraph 11.1 is extremely limited. With regard to the non-ERISA claims in this lawsuit, Paragraph 11.1 is wholly inapposite. Our determination regarding the ERISA-related attorneys' fees and costs is "not a grant of authority to do good, rectify shortcomings of the common law . . . or undermine the American rule on the award of attorneys' fees to the prevailing party in the absence of [a] statute."[2] Accordingly, we hold that the Company is entitled to recover all attorneys' fees and costs incurred in litigating the claims on which it prevailed at trial—that is, the breach of contract, fraud, and false tax filing claims.

*Id*. at 32. Both parties have sought revisions of this portion of the post-trial order dealing with attorneys' fees. In his motion to amend judgment filed on August 28, 2013, Mr. Marsh contends that the Court made a "manifest error of law" in awarding any attorneys' fees to the Company and seeks revision of that portion of the order. Docket No. 313 at 7–9. For its part, the Company seeks "clarification" of the bases for the Company's award of attorneys' fees, suggesting that either ERISA itself or the Indiana Crime Victims Act provides sufficient grounds. Docket No. 315 at 4–7.

In addition to their arguments relating to the legal bases of our attorneys' fees order, both parties have also filed motions seeking to flesh out their fee and cost entitlements. Docket Nos.

---

[2] Citation omitted.

3

299, 300, 306, & 308. Both the Company and Mr. Marsh have objected to the other's numerical estimates, and neither party has agreed to the correct apportionment of fees and costs between the ERISA and non-ERISA portions of the litigation.

## Legal Analysis

In response to the parties' motions to amend, we now reconsider the legal underpinnings of our attorneys' fees awards. Since the Company has not objected to Mr. Marsh's recovery of the attorneys' fees and costs incurred in litigating his successful ERISA claim, we will not revisit our ruling on that issue.[3] Further, we agree with Mr. Marsh that Section 11.1 of his Employment Agreement, in conjunction with ERISA, entitles him to recovery of his reasonable litigation expenses in addition to fees and costs.[4] *See* Docket No. 300 at 2. We therefore focus our attention on the award of fees and costs to the Company for its success on the non-ERISA claims. After doing so, we then address the more factually intensive issue of quantifying the fee and cost recovery to which each party is entitled.

**I.      The award of attorneys' fees and costs for non-ERISA claims to the Company**

Mr. Marsh urges that we vacate our award of attorneys' fees and costs on the non-ERISA claims to the Company, which he contends was a "manifest error of law." *See* Docket No. 313 at 7. He argues first that our holding on this issue is inconsistent with our conclusion regarding the Company's claimed entitlement to fees under ERISA. In its post-trial brief, the Company cited only one basis for a recovery of attorneys' fees: ERISA Section 502(g), which provides that "[i]n

---

[3] Mr. Marsh's motion for attorneys' fees does contain a footnote stating that "Mr. Marsh respectfully disagrees with the Court's entry that limits his attorneys' fees and costs to ERISA-related issues only." Docket No. 300 at 2 n.1. However, Mr. Marsh does not develop an argument on that point, and the question of the separability of the ERISA and non-ERISA elements of the litigation had been settled well before we issued our post-trial order.

[4] Section 11.1 of the Agreement provides: "All of [Mr. Marsh's] costs and expenses of litigation or arbitration, including attorneys' fees, shall be borne by the Company and paid as incurred, whether or not the Executive prevails in the litigation or arbitration." Docket No. 12 Ex. A, ¶ 11.1. While we thus affirm that Mr. Marsh is entitled to attorneys' fees, expenses, and costs on the ERISA claim, this does not imply our approval of the dollar amounts Mr. Marsh has supplied in his requests for reimbursement. *See infra,* § II.

any action under [ERISA § 502] . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132 (g)(1). The Company, noting that a fee award under the statute may be granted to any party achieving "some degree of success on the merits," insisted that since it was entitled to equitable relief under ERISA, the statute's Section 502(g) also mandated that it be awarded attorneys' fees. Docket No. 285 at 26. In our post-trial order, we rejected both the Company's ERISA claim and its accompanying claim to attorneys' fees as a prevailing party; we stated that "the Company's post-trial arguments regarding ERISA-related fees and costs, although not frivolous, are a far cry from meritorious." Docket No. 294 at 31. Indeed, given our conclusion in the same order that both the Employment Agreement's Section 11.1 and ERISA clearly countenanced an award of attorneys' fees to Mr. Marsh as the prevailing ERISA party, a simultaneous award to the Company under § 502(g) on the very same issue would have been incongruous.

Mr. Marsh goes on to argue that, given the clarity of our holding on the merits of the ERISA claims, our decision to award attorneys' fees on the non-ERISA claims to the Company lacks any other valid basis and flouts the dominant "American Rule" on fee awards. Docket No. 313 at 7–9. Indiana law governs the awarding of attorneys' fees for the common law breach of contract and fraud claims at issue here; like other states, Indiana generally adheres to the "American Rule" that each party is responsible for its own fees. *See Loparex, LLC v. MPI Release Techs., LLC*, 964 N.E.2d 806, 815 (Ind. 2012). Courts may order fee awards where previously provided for by the parties themselves in a contract, *see Reuille v. E.E. Brandenberger Constr., Inc.*, 888 N.E.2d 770, 771 (Ind. 2008); where specifically allowed by statute, *see, e.g.*, Ind. Code §§ 32-28-3-14, 34-24-3-1; or under special situations pursuant to Indiana's frivolous lawsuit statute, the "obdurate behavior rule," or in proceedings relating to

common funds. *See* 22A Ind. Prac., Civil Trial Prac. § 38.7 (2d ed. 2013). However, under Indiana law, courts have no inherent power to shift fees, regardless of equitable considerations. *See Houston v. Booher*, 647 N.E.2d 16, 22 (Ind. Ct. App. 1995).

Upon reconsideration, therefore, we acknowledge that in awarding the Company attorneys' fees for its recovery on the non-ERISA claims, we erred. As Mr. Marsh has pointed out, our ruling on the issue was limited to a single sentence, without reference to supporting authority or other persuasive argument; given the context in which this discussion was situated, it appears to us now that this error reflects our misuse of the word "recover." *See* Docket No. 294 at 32. What we should have said was that, in accord with the American Rule and in the absence of an ERISA basis for such recovery, Mr. Marsh will *not* receive reimbursement for attorneys' fees on the state-law claims—and that each party will *retain* responsibility for its own fees incurred in litigating those particular claims.

The Company attempts to avoid such a revision, thereby sustaining the validity of the fee award, by suggesting two legal theories upon which such an award of fees could have been based. We find neither argument to be a sufficient justification for this holding, which we concede was born more of imprecise language than considered legal reasoning.

First, the Company presents a reworked version of its original argument for attorneys' fees under ERISA § 502(g). It contends that, by overcoming Mr. Marsh's ERISA-based *defense* to liability on its breach and fraud claims, the company is entitled to fee shifting under the statute as a party who achieved "some degree of success on the merits." *See* Docket No. 321 at 3 (citing *Hardt v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149, 2158 (2010)). The company maintains that, under either of the two "tests" employed in recent years by the Seventh Circuit to guide discretion in implementing § 502(g), it would be entitled to an award. *See Raybourne v. Cigna*

*Life Ins. Co. of N.Y.*, 700 F.3d 1076, 1089 (7th Cir. 2012) (the "five-factor" test); *Young v. Verizon's Bell Atl. Cash Balance Plan*, 748 F. Supp. 2d 903, 914 (N.D. Ill. 2010) (the "substantial justification" test). Not only does this interpretation of Section 502(g) extend beyond the limits of common-sense statutory interpretation, it also is inconsistent the Court's uncontroverted holding that Mr. Marsh is the "prevailing party" on the ERISA claims in this litigation. *Cf.* Docket No. 294 at 31. Section 12.7 of the Employment Agreement provides that the Company's obligations to make payments under the contract—including its obligation under Section 11.1 to pay all attorneys' fees incurred in disputes over benefits—"shall be absolute and unconditional, and shall not be affected by any circumstances, including without limitation, any offset, counterclaim, recoupment, defense or other right." Docket No. 12 Ex A., ¶ 12.7. Since the earliest stages of this litigation, we have recognized the vital importance of the legal barriers separating the ERISA issues from the state-law claims. *See, e.g.,* Docket No. 136 at 15. The Company's effort to ignore or subvert that distinction, particularly at this late hour, is unavailing; it contradicts both the plain language of the Employment Agreement and the clear thrust of our earlier rulings.

Second, the Company advances a new theory: that it is entitled to a recovery of attorneys' fees under the Indiana Crime Victims Act because it successfully proved at trial that Mr. Marsh was guilty of theft, deception, and criminal conversion. Docket No. 321 at 6–7. The Indiana Crime Victims Act, Ind. Code § 34-24-3-1 *et seq.*, provides amplified recovery, including treble damages, costs, and attorneys' fees, for victims of certain crimes who prevail in civil actions against the perpetrators. Ind. Code §§ 34-24-3-1(1)–(3). Among these enumerated offenses are theft, criminal conversion, and deception. Ind. Code §§ 35-43-4-2, 35-43-4-3, & 35-43-4-5. While it is possible that the evidence presented to the jury in support of the contract and fraud

claims might also have proved sufficient to establish civil liability for these crimes, the jury never specifically addressed deception, conversion, or theft.[5] The company has presented us with no support for the notion that the powerful remedies available under the Crime Victims Act can be triggered without a fact-finder having squarely addressed one of the predicate crimes. In the absence of such a showing, we decline to expand the statute in such a freewheeling and after-the-fact manner.[6]

Having determined that this aspect of our post-trial order was entered in error, we accordingly GRANT Mr. Marsh's motion to amend [Docket No. 312] with respect to the award of attorneys' fees incurred by the Company in litigating the claims on which the Company was successful at trial—namely, its breach of contract and fraud claims and Mr. Marsh's fraudulent filing claim. However, we reaffirm our decision awarding to the Company reimbursement of the costs generated with regard to those claims. Under both Indiana law, *see* Ind. Code § 34-52-1-1, and the Federal Rules of Civil Procedure, courts should award costs to the "prevailing party." Fed. R. Civ. Pro. 54(d)(1). Consistent with the theory we have employed throughout this litigation, we consider the company to be the "prevailing party" with respect to their allegations of misconduct against Mr. Marsh; it is therefore appropriate for the company to recover its costs on those claims irrespective of Mr. Marsh's own successful ERISA counterclaim. *See generally Adams v. Reed,* 567 F.2d 1283, 1288 (5th Cir. 1978); *K-2 Ski Co. v. Head Ski Co., Inc.*, 506 F.2d

---

[5] These allegations were among the Company's offset defenses to Mr. Marsh's fraudulent filing claim. Because the jury found against Mr. Marsh on the underlying claim, however, the potential offset defenses were never considered by the jury. *See* Docket No. 251.

[6] The use of the Crime Victims Act, a statute designed to punish, *see Flaherty & Collins, Inc. v. BBR-Vision 1, L.P.*, 990 N.E.2d 958, 968 (Ind. Ct. App. 2013), is all the more inapposite here, as Mr. Marsh points out, in light of the fact that the jury declined to impose punitive damages on the fraud claim—a useful indicium, along with an attorneys' fees award, that a fact-finder has determined a losing party's conduct to be particularly culpable and worthy of additional punishment. *See* Docket No. 323 at 12–13.

471, 477 (9th Cir. 1974) (affirming that parties prevailing only on some claims may nonetheless recover costs under Fed. R. Civ. Pro. 54).[7]

## II.   The amount of fees and costs recoverable by the parties

We say again: Mr. Marsh is entitled to recover attorneys' fees and costs on his ERISA claim, and the Company is entitled to recover costs on its contract and fraud claims and its successful defense of Mr. Marsh's fraudulent filing claim. The dollar amount appropriate for these entitlements, however, remains unresolved.

The chief difficulty presented by the allocation of attorneys' fees in this case is in separating the expenditures related to the ERISA claims from those related to the non-ERISA claims. Both parties, at various times, have contended that the ERISA and Non-ERISA amounts are "intertwined." *See* Docket No. 300 at 2 (Mr. Marsh's contention that "all fees and expenses in this case are ERISA-related"); Docket No. 308 at 3 (the Company's contention that "the ERISA claims were intertwined with court filings, depositions, and trial of the non-ERISA claims"). Mr. Marsh submits a request for attorneys' fees in the amount of $1,570,120, a total which excludes expenditures incurred in pursuing his fraudulent filing claim but does *not* attempt to weed out expenditures attributable to the contract and fraud claims. *See* Docket No. 300 at 3–4. In addition, Mr. Marsh seeks reimbursement for costs totaling $43,021.27, *see* Docket No. 299 at 3, and "costs and expenses of litigation of the ERISA issues" totaling $173,900. Docket No. 300 at 5.

The Company objects strenuously to Mr. Marsh's methodology as well as the resultant amounts. First, it contends that he did not fully eliminate fees and expenses attributable to the

---

[7] We have already discussed, and refuted, Mr. Marsh's claim that Section 12.7 of his Employment Agreement prohibits any recovery on separate state law claims arising out of his misconduct, even though the Company's recovery may in some sense "offset" his ERISA recovery. *See, e.g.*, Docket No. 328. The same reasoning applies to costs; we do not read Section 12.7 as prohibiting an award here.

fraudulent filing issue, including payments to tax attorneys at Bose, McKinney & Evans that it views as entirely attributable to preparations for that aspect of the case, and not ERISA. *See* Docket No. 316 at 9. More importantly, the Company takes issue with Mr. Marsh's failure to reduce his fee amount in an amount commensurate with the work his attorneys performed on the common law claims of breach of contract and fraud. *Id.* at 4. The Company cites to authority supporting the commonsense proposition that, even where issues are intermixed in a complex case, *some* attempt must be made to parse out the fees related to claims on which recovery is warranted from those on which the party must bear its own fees. *See Stark v. PPM America, Inc.*, 354 F.3d 666, 674 (7th Cir. 2004) (noting that district judge properly reduced defendants' fee request by twenty percent to account for time spent defending non-ERISA claims); *cf. Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327–1328 (D.C. Cir. 1982) (fees are not recoverable "for time expended on issues on which [party] did not ultimately prevail," and "[t]he fee application should therefore indicate whether . . . time expended on unsuccessful claims was excluded and, if time was excluded, the nature of the work and the number of hours involved should be stated.").

For its part, the Company also submits its own bill of costs in the amount of $50,679.78. Docket No. 306. In addition to his generalized argument that the Employment Agreement forbids the Company from recovering any costs, fees, or expenses—an argument which we have addressed elsewhere—Mr. Marsh objects to this amount as "unreasonable" and "excessive." *See* Docket No. 318 at 7.

The attorneys' fees request submitted by Mr. Marsh is unacceptable as currently constituted. Our post-trial order awarded him only those attorneys' fees related to his successful ERISA claim, and he has made no apparent effort to separate those fees from those attributable

to his defense of the Company's common-law allegations. However, we are not well-equipped to determine the correct allocation ourselves without the benefit of expert assistance. Federal Rules of Civil Procedure 53 authorizes federal trial courts to appoint special masters to "perform an accounting or resolve a difficult computation of damages" or "address . . . post-trial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. Pro. 53(a)(1). We thus inform the parties of our intention to appoint a special master to perform these tasks in an effort to guide our determination of a reasonable amount of attorneys' fees, costs, and expenses for Mr. Marsh's ERISA claim and costs for the Company as prevailing party in the contract, fraud, and fraudulent filing claims. In that the Federal Rules require that we give both parties notice of our intention and an opportunity to be heard and suggest candidates for appointment, Fed. R. Civ. Pro. 53(b)(1), we hereby direct that the parties submit their respective responses to this proposed appointment by the Court on or before November 18, 2013, after which, being duly advised, we will issue an appointing order. If the parties are unable to agree jointly on a candidate to serve as a special master, they may submit three jointly agreed-upon names and the Court will choose. If no candidate suggested by the parties is agreeable to the Court, the Court reserves the right to make its own independent selection.

## Conclusion

While we have yet to determine the appropriate amount of attorneys' fees and costs due the parties, this Order conclusively resolves all remaining legal questions surrounding the parties' entitlements to recovery. Because these issues have come before us in the context of a number of motions, we summarize below our rulings:

(1) Section II of Mr. Marsh's Motion to Amend Judgment [Docket No. 312], which sought reconsideration of our grant of attorneys' fees and expenses to the Company on the non-ERISA claims, is GRANTED; the Company, however, remains entitled to recover its costs based on these claims.

(2) Section II of the Company's Motion to Amend Judgment [Docket No. 314], which sought clarification of the bases of the Court's now-vacated order on the Company's attorneys' fees, is DENIED.[8]

(3) The Company's Motion for Attorneys' Fees [Docket No. 308] is DENIED.

(4) The Court withholds entry of specific judgment on amounts covering the Company's Bill of Costs [Docket No. 306], Mr. Marsh's Bill of Costs [Docket No. 299], and Mr. Marsh's Motion for Attorneys' Fees [Docket No. 300] pending fact-finding and a recommendation from a special master.

IT IS SO ORDERED.

Date: __10/18/2013_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[8] We have already disposed of the other portions of the parties' motions to amend judgment in a previous order. *See* Docket No. 328.

Distribution:

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP
amcneil@boselaw.com

Jonathan Lamont Mayes
BOSE MCKINNEY & EVANS, LLP
jmayes@boselaw.com

Winthrop James Hamilton
BOSE MCKINNEY & EVANS, LLP
jhamilton@boselaw.com

David K. Herzog
FAEGRE BAKER DANIELS LLP - Indianapolis
david.herzog@faegrebd.com

Munjot Sahu
FAEGRE BAKER DANIELS LLP - Indianapolis
munjot.sahu@faegrebd.com

Ryan Michael Hurley
FAEGRE BAKER DANIELS LLP - Indianapolis
ryan.hurley@FaegreBD.com

C. Joseph Russell
KRIEG DEVAULT LLP
crussell@kdlegal.com

Linda Joy Cooley
KRIEG DEVAULT, LLP
lcooley@kdlegal.com